IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:20-cr-00040-SMR-HCA |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| v. | ) | MOTION FOR SENTENCE REDUCTION |
| | ) | UNDER 18 U.S.C. § 3582(c)(1)(A) |
| COURTNEY MARIE CHICOINE, | ) | |
| | ) | |
| Defendant. | ) | (COMPASSIONATE RELEASE) |

Before the Court is Defendant Courtney Marie Chicoine's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 397. She has also submitted three supplements to her motion. ECF Nos. 400, 402, and 404. The Federal Public Defender declined to appear on Chicoine's behalf. Notice Nonappearance, ECF No. 398.

The Court has made an individualized inquiry of Defendant's motion. *See United States v. Sims*, No. 22-3430 2023 U.S. App. LEXIS 32310, at *5 (8th Cir. 2023) ("[M]otions for compassionate release require an individualized inquiry."). After also considering the applicable policy statements issued by the United States Sentencing Commission and relevant sentencing factors provided in 18 U.S.C. § 3553(a), the Court denies Chicoine's motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Chicoine was originally charged with conspiracy to distribute fentanyl resulting in death, which carried a statutory mandatory minimum term of 20 years' imprisonment. Presentence Investigation Report ¶ 175, ECF No. 321. She entered a plea agreement to the lesser conspiracy to distribute charge, which required a statutory mandatory minimum term of five years' imprisonment. *Id*. With a total offense level of 37 and criminal history category of three, Chicoine's advisory guidelines range was 262 to 327 months in prison. Sealed Judgment 8, ECF

No. 329. On August 26, 2022, the Court sentenced Chicoine to 180 months in prison. *Id*. at 2. The United States Court of Appeals for the Eighth Circuit affirmed. ECF No. 403-1.

## II.    EXHAUSTION

Under the First Step Act of 2018, prisoners may bring motions for compassionate release "once they have exhausted their administrative remedies." *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (acknowledging amendment to 18 U.S.C. § 3582(c)(1)(A)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) (quoting § 3582(c)(1)(A)).

The warden where Chicoine is currently incarcerated denied her request for reduction in sentence. ECF No. 397 at 10. The Court finds Chicoine has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

## III.    DISCUSSION OF MOTION

A district court may grant a defendant's motion for compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is consistent with the applicable advisory policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Even if the Court finds the foregoing criteria are met, the Court must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id*. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020).

Chicoine seeks compassionate release based on the need to care for her minor child, the COVID-19 pandemic impairing her ability to acquire rehabilitation, and alleged sexual and physical assaults against Chicoine. ECF No. 397 at 2.

### A. Family Circumstances

The Court first addresses Chicoine's family circumstances. Chicoine has an eight year old child who is currently being cared for by Chicoine's mother and stepfather. ECF No. 397 at 1. Both her mother and stepfather have significant health and financial issues which prevent them from being able to care for the child. *Id*. at 7. Chicoine states she is the sole reliable caregiver for her daughter as the child's father is not present. *Id*. at 4.

A letter from Chicoine's mother confirms that she and her husband are in declining health. Letter to Court 1–2, ECF No. 399. Chicoine's mother also describes concerning behavior by the child, including acts of self-harm, which Chicoine's mother attributes to the absence of Chicoine. *Id*. at 3–5. Chicoine states the condition of her mother and stepfather continues to deteriorate. Letter 1, ECF No. 404.

The family circumstances of the defendant may be an extraordinary and compelling reason to grant compassionate release. USSG § 1B1.13(b)(3). This includes the incapacitation of one who is providing care to the defendant's minor child. USSG § 1B1.13(b)(3)(A). Based on the information provided by Chicoine, the Court finds that the circumstances of Chicoine's family are an extraordinary and compelling reason to grant a sentence reduction.

### B. COVID-19

Chicoine also argues consequences from the COVID-19 pandemic have limited her ability to obtain vital and necessary rehabilitation. ECF No. 397 at 2. To support her assertion, she refers the Court to a 2023 report from the Department of Justice Office finding staff shortages at FCI

Waseca, the facility where Chicoine is incarcerated, to have "caused delays in physical and mental health care treatment [which] can potentially result in more serious health issues for inmates, create further demands on health care staff and increase the cost of future treatments." ECF No. 400 at 1. Chicoine asserts the shortness of staff limits her access to education, programming, psychological services, and substance abuse treatment. ECF No. 397 at 6.

Allegations regarding prison conditions in general are not unique to Chicoine, and therefore, not extraordinary and compelling reasons for compassionate release. *See United States v. Shah*, 2023 U.S. Dist. LEXIS 163300, at *7 (D.S.D. Sep. 12, 2023) (holding complaints about conditions at FCI Waseca were not individual to defendant "but instead relate to the general prison conditions."). Any allegations regarding the nature and condition of Chicoine's incarceration should be filed in an appropriate civil rights complaint in the district where she is confined.

Moreover, the same report cited by Chicoine also determined "that FCI Waseca is generally well-run, with dedicated staff and an environment in which both inmates and staff generally reported feeling safe." *See Press Release Inspection of the BOP's Federal Correctional Institution Waseca*, Department of Justice/Office of the Inspector General, https://oig.justice.gov/news/doj-oig-releases-inspection-bops-federal-correctional-institution-waseca (last visited Jan 16, 2024). Thus, the Court does not find these conditions to be extraordinary and compelling reasons for compassionate release.

### C. Sexual Assaults

Chicoine alleges she should be granted compassionate release based on "PREA[1] and physical assaults" that occurred between April 2021 to August 2021 at the Pottawattamie County

---

[1] PREA is the acronym for the Prison Rape Elimination Act.

Jail. ECF No. 397 at 2. She also states she was the victim of two serious physical assaults in December of 2022. ECF No. 400 at 1.

The physical or sexual abuse of a defendant while serving the term of imprisonment may constitute extraordinary and compelling factor for release under compassionate release. USSG § 1B1.13(b)(4). To qualify, the abuse must have been committed by or at the direction of a Bureau of Prisons employee, and "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id*.

Chicoine does not provide any information which provides context for her allegations, for example, whether she was assaulted by other inmates or by staff, whether she requested and received treatment for any injuries, or whether the misconduct was established by a conviction or finding in some type of legal proceeding. The Court is not dismissing her allegations of abuse, only finding that as currently presented, are not sufficient to show extraordinary and compelling reasons for reducing her sentence.

**D. 3553(a) Factors**

Despite the family circumstances of Chicoine, and even if the other factors presented could be considered extraordinary and compelling reasons, a reduction in sentence is not warranted here. Chicoine states her previous criminal history is "all minor and involve my addiction issues." ECF No. 397 at 4. She acknowledges the nature of her crime was "serious" but "not rooted in criminal intent but rather in a substance abuse addiction that was created in reaction to childhood trauma." *Id*. at 5.

Chicoine was involved in a large fentanyl trafficking conspiracy, and she played a central part of that conspiracy. Sent. Hr'g Tr. 38, ECF No. 365. Chicoine sold fentanyl to one customer

who died as a result of the drugs she sold to him. *Id*. at 39. Chicoine "routinely stored and distributed fentanyl pills in her home." *Id*. at 14–15; *see also* ECF No. 321 ¶¶ 70, 123(a).

On the other hand, the Court also recognized at sentencing that Chicoine had a particularly difficult childhood which led to her becoming involved in a series of abusive relationships, deterioration of her mental health, and abusing a variety of illegal substances. ECF No. 365 at 40. In determining Chicoine's sentence, the Court weighed "an egregious set of facts underlying the crime and a sympathetic set of facts underlying the person." *Id*. Balancing these two extremes, the Court imposed a sentence of 180 months or fifteen years in prison, acknowledging it was half of what the Government argued for and twice the amount requested by Chicoine. *Id*. at 41. "But it's where I think the balance comes between the need to punish, the need to rehabilitate, and the need to recognize the humanity that we have in this particular defendant." *Id*.

The same factors apply now in this motion for compassionate release. The Court is highly sympathetic to the circumstances of Chicoine's family. However, Chicoine was only sentenced in July 2022 and has served very small portion of her sentence. She is currently 32 years old, and her expected release date is May 2033. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 16, 2024). The Court is concerned a reduction in sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or protect the public from additional crimes by Chicoine, and it would not allow for continued training, education, or treatment. For these reasons and other sentencing factors under 18 U.S.C. § 3553(a), the Court denies compassionate release.

**IV.    CONCLUSION**

For the reasons state above,

**IT IS ORDERED** that Defendant Courtney M. Chicoine's Motion for Compassionate

Release, ECF No. 397, is **DENIED**.

Dated this 16th day of January, 2024.


STEPHANIE M. ROSE, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA